# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL MOSARAH;<br>IBTISSAM HUSSEIN<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SUNTRUST MORTGAGE, a Delaware corporation; NATIONSTAR, a Delaware corporation; FANNIE MAE, a California corporation; and DOES 1-100, inclusive<br><br>　　　　Defendants. | 1:11-cv-01739-AWI-SKO<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OF ACTION |

The Court refers the parties to the order issued March 9, 2012 and filed March 12, 2012 for a partial chronology of the proceedings. *Mosarah v. SunTrust Mortg.,* slip copy, 2012 WL 844508 (E.D.Cal. 2012). On September 29, 2011, plaintiffs Nabil Mosarah and Ibtissam Hussein ("Plaintiffs") filed their complaint in Stanislaus Superior Court against defendants SunTrust Mortgage, Inc. ("Suntrust"), Nationstar Mortgage ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Fannie Mae and Does 1-100, inclusive, asserting sixteen causes of action. On October 13, 2011, Suntrust removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. On November 9, 2011, Suntrust filed its motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). On January 11, 2012, Nationstar and Federal National Mortgage Association ("FNMA," erroneously sued as Fannie Mae) filed their motion to dismiss the

complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  On March 9, 2012, the Court granted both motions to dismiss and directed Plaintiffs to file an amended complaint within thirty days of entry of the order.  No amended complaint was filed within the time allotted.

On April 23, 2012, Suntrust filed a notice regarding Plaintiffs' non-compliance with the Court's March 9, 2012 order directing them to file an amended complaint within thirty days of entry of the order and argued the Court should *sua sponte* dismiss the action with prejudice.

On April 30, 2012, Nationstar, FNMA and MERS filed a motion to dismiss the action with prejudice for failure to amend in accordance with the Court's March 9, 2012 order.

"If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (listing factors for court to consider in determining whether to dismiss a case for failure to comply with a court order).  Where a plaintiff has failed to comply with a court's orders, the court may also dismiss an action pursuant to Rule 41(b) *sua sponte*.  *Hells Canyon Preservation Council v. U.S. Forest,* 403 F.3d 683, 689 (9th Cir. 2005).  Accordingly, Plaintiffs are ORDERED to show cause in writing by 4:00 p.m. on Thursday, May 24, 2012, why no amended complaint has been filed and why this action should not be dismissed for failure to comply with the Court's March 9, 2012 order.  Failure to show cause or otherwise respond to this order shall result in a dismissal of the action with prejudice as against Suntrust, Nationstar and FNMA.

Because MERS did not file a substantive motion to dismiss and was not a party to either Suntrust's or Nationstar's and FNMA's Rule 12 motions, the complaint remains operative against MERS.  MERS may file a motion to dismiss the complaint as against it if it so desires.

IT IS SO ORDERED.

Dated:   May 16, 2012

CHIEF UNITED STATES DISTRICT JUDGE

2