**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NABIL MOSARAH;<br>IBTISSAM HUSSEIN,<br><br>              Plaintiffs,<br><br>   v.<br><br>SUNTRUST MORTGAGE, a Delaware corporation; NATIONSTAR, a Delaware corporation; FANNIE MAE, a California corporation; and DOES 1-100, inclusive,<br><br>              Defendants. | 1:11-cv-01739-AWI-SKO<br><br>ORDER RE: MOTION TO DISMISS COMPLAINT<br><br>(Doc. 19) |

## I. INTRODUCTION

Defendant Mortgage Electronic Registration Systems, Inc., moves to dismiss the complaint of plaintiffs Nabil Mosarah and Ibtissam Hussein pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). For reasons discussed below, the motion shall be granted without leave to amend.

## II. FACTS AND PROCEDURAL BACKGROUND

On September 29, 2011, plaintiffs Nabil Mosarah and Ibtissam Hussein (hereinafter referred to

as "Plaintiffs") filed their complaint in Stanislaus Superior Court against defendants SunTrust Mortgage, Nationstar, Fannie Mae, Mortgage Electronic Registration Systems, Inc., and Does 1-100, inclusive, asserting sixteen causes of action for (1) declaratory relief (against all defendants), (2) fraud and conspiracy to commit fraud (against all defendants), (3) "tortious violation of statute [¶] Real Estate Settlement Procedures Act [¶] 12 USC section 2607(b)" (against all defendants), (4) conversion, (5) "Reformation (Note) as Against BOA, ReCon, 1st LAM and Does [sic]," (6) violation of California Business and Professions Code §§ 17200 et seq. (against SunTrust Mortgage), (7) violation of California Civil Code § 2923.6, (8) violation of § 1788.17 of the Rosenthal Fair Debt Collection Practices Act, (9) violation of California Civil Code § 1572, (10) injunctive relief (against all defendants), (11) wrongful foreclosure (against all defendants), (12) negligence (against SunTrust Mortgage and Does 1-10), (13) negligence (against Nationstar and Does 1-10), (14) negligent misrepresentation (against SunTrust Mortgage and Does 1-10), (15) violation of the Rosenthal Fair Debt Collection Practices Act (against SunTrust Mortgage and Does 1-10) and (16) violation of California Business and Professions Code §§ 17200 et seq. (against all defendants).[1]

On October 13, 2011, defendant SunTrust Mortgage, Inc. ("Suntrust") removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

On November 9, 2011, Suntrust filed its motion to dismiss and/or strike the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

On January 11, 2012, defendants Nationstar Mortgage, LLC ("Nationstar") and Federal National Mortgage Association ("FNMA," erroneously sued as Fannie Mae) filed their motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Plaintiffs did not file a written opposition to either motion to dismiss.

In an order issued March 9, 2012 and filed March 12, 2012, the Court granted Suntrust's and Nationstar's and FNMA's motions to dismiss and directed Plaintiffs to file an amended complaint

---

[1] Plaintiffs asserted sixteen causes of action but numbered them 1-10, 5, 8, 9, 11, 14 and 16. Several causes of action also appear to be duplicates. For the sake of clarity, the Court shall refer to the causes of action as they have been labeled.

2

within thirty days of entry of the order. *Mosarah v. SunTrust Mortg.,* slip copy, 2012 WL 844508 (E.D.Cal. 2012). No amended complaint was filed by Plaintiffs within the time allotted.

On April 23, 2012, Suntrust filed a notice regarding Plaintiffs' non-compliance with the Court's March 9, 2012 order directing them to file an amended complaint within thirty days of entry of the order and argued the Court should *sua sponte* dismiss the action with prejudice.

On April 30, 2012, Nationstar, FNMA and Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") filed a motion to dismiss the action with prejudice for failure to amend the complaint in accordance with the Court's March 9, 2012 order.

In an order issued May 16, 2012, the Court ordered Plaintiffs to show cause in writing by 4:00 p.m. on Thursday, May 24, 2012, why no amended complaint had been filed and why the action should not be dismissed for failure to comply with the Court's March 9, 2012 order. The Court cautioned that failure to show cause or otherwise respond would result in a dismissal of the action with prejudice as against Suntrust, Nationstar and FNMA. (The Court noted that because MERS had not filed a substantive motion to dismiss and was not a party to either Suntrust's or Nationstar's and FNMA's Rule 12 motions, the complaint would remain operative against MERS.)

Plaintiffs did not respond to the order to show cause, and the Court subsequently dismissed the action with prejudice as against Suntrust, Nationstar and FNMA.

On May 21, 2012, MERS filed its motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Plaintiffs did not file a written opposition.

**III. LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,*

3

550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). The court may also strike "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

### IV. DISCUSSION

***A. Plaintiffs' cause of action for fraud and conspiracy to defraud*** – Plaintiffs first assert a cause of action against all defendants for fraud and conspiracy to defraud. In California, " 'fraud is an intentional tort, the elements of which are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. [Citation.]' [Citation.]" *Intrieri v. Superior Court,* 117 Cal.App.4th 72, 85-86, 12 Cal.Rptr.3d 97 (2004). To state a claim for conspiracy to defraud, a plaintiff must allege all the elements of actionable fraud as well as a civil conspiracy, which include "(1) the formation and operation of the conspiracy and (2) damage resulting to the plaintiff (3) from a wrongful act done in furtherance of the common design." *Rusheen v. Cohen,* 37 Cal.4th 1048, 1062, 39 Cal.Rptr.3d 516, 128 P.3d 713 (2006). No claim for conspiracy to defraud lies if the plaintiff fails to allege facts satisfying the elements of an

4

underlying fraud. *See Kerr v. Rose,* 216 Cal.App.3d 1551, 1564, 265 Cal.Rptr. 597 (1990); *see also Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.,* 7 Cal.4th 503, 511, 869 P.2d 454 (1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort . . . . [¶] . . . [¶] [T]ort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty").

Having reviewed the complaint in its entirety, the Court finds Plaintiffs have failed to allege facts sufficient to state a plausible claim to relief against MERS. Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done anything wrong.' [Citation.]" *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. [Citation.] '[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' [Citation.]" *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003); *see Lazar v. Superior Court,* 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996); *Tarmann v. State Farm Mut. Auto Ins. Co.,* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991) ("requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when . . . ."). Plaintiffs allege the defendants "reached an agreement to defraud" Plaintiffs out of their property by representing to them that "they were the owner of the Trust Deed and Note as either the Trustee, or the Beneficiary regarding Plaintiff's real property." However, Plaintiffs have not provided the requisite specificity for these allegations, such as identifying when and where the representation was made and by whom.

5

Plaintiffs further allege defendants "engaged in an illegal scheme the purpose of which was to execute loans secured by real property in order to make commissions, kick-backs, illegal undisclosed yield spread premiums, and undisclosed profits by the sale of any instruments arising out of the transaction." However, Plaintiffs have not explained how this scheme might have been perpetrated by MERS. The allegations are simply too vague and generalized to state a claim for fraud, let alone conspiracy to defraud. Furthermore, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.' In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007) (internal citations omitted). Plaintiffs fail to differentiate the actions of the various defendants. Accordingly, dismissal of the cause of action for fraud and conspiracy to defraud shall be granted as to MERS.

***B. Plaintiffs' cause of action for "tortious violation of statute [¶] Real Estate Settlement Procedures Act [¶] 12 USC section 2607(b)"*** – Plaintiffs further assert a cause of action against all defendants for failure to respond to a qualified written request in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq. "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days . . . unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). A "qualified written request" is correspondence that provides, or otherwise enables the servicer to identify, "the name and account of the borrower" and "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.*, § 2605(e)(1)(B). Within 30 days, the servicer must provide the borrower with "a written explanation or clarification"

6

of "the reasons for which the servicer believes the account of the borrower is correct" or "why the information requested is unavailable or cannot be obtained[.]" *Id*., § 2605(e)(2)(B), (C). Having reviewed the complaint in its entirety, the Court finds Plaintiffs have failed to allege facts sufficient to state a plausible claim upon which relief for a violation of RESPA may be granted.

As to this cause of action, Plaintiffs allege that in July 2008 and October 2009, they served by letter on Suntrust a "Notice of Dispute & Request for Accounting, Notice Pursuant to Real Estate Settlement Procedures Act (RESPA) a Qualified Written Request." Plaintiffs further allege, "[S]aid defendants have failed to respond to said notice by plaintiffs and have substantially failed to respond to all other communications and inquiries by plaintiffs." Notwithstanding the fact no allegations were provided to suggest the letter or its contents constituted a legitimate qualified written request under RESPA triggering the defendants' duty to respond, no facts have been alleged to explain how MERS might have had a duty to respond to a letter sent to Suntrust. MERS does not even appear to be subject to RESPA, given Plaintiffs do not allege MERS is a lender, loan servicer or settlement provider. Plaintiffs further allege in conclusory fashion that the defendants violated RESPA's prohibition on kickbacks and unearned fees, 12 U.S.C. § 2607, but allege no facts to show how this was the case. Accordingly, dismissal of the cause of action for "tortious violation of statute [¶] Real Estate Settlement Procedures Act [¶] 12 USC section 2607(b)" shall be granted as to MERS.

***C. Plaintiffs' cause of action for conversion*** – Plaintiffs further assert a cause of action for conversion. In California, conversion is "the wrongful exercise of dominion over" property belonging to another. *Burlesci v. Petersen,* 68 Cal.App.4th 1062, 1066, 80 Cal.Rptr.2d 704 (1998). The elements of conversion are "(1) the plaintiff's ownership or right to possession of personal property, (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages." *Fremont Indemnity Co. v. Fremont General Corp.,* 148 Cal.App.4th 97, 119, 55 Cal.Rptr.3d 621 (2007). Having reviewed the complaint, the Court finds Plaintiffs have failed to allege facts sufficient to state a plausible claim to relief for

7

conversion. Plaintiffs allege the fraudulent acts committed by the defendants in regard to Plaintiffs' loan and deed of trust, resulting in foreclosure of the subject real property, constituted a disposition of property in a manner inconsistent with Plaintiffs' property rights. However, as the Court concluded above, Plaintiffs have failed to allege facts sufficient to state a plausible claim to relief for fraud. Moreover, "[t]he tort of conversion applies to personal property, not real property." *Salma v. Capon,* 161 Cal.App.4th 1275, 1295, 74 Cal.Rptr.3d 873 (2008). Plaintiffs have provided no authority – and the Court's research reveals no authority – stating real property may be converted. Accordingly, dismissal of the cause of action for conversion shall be granted as to MERS.

***D. Plaintiffs' causes of action for violation of California Business and Professions Code § 17200*** – Plaintiffs further assert two causes of action (one against Suntrust, the other against all defendants) for fraudulent business practices in violation of California's Unfair Competition Law (UCL), California Business and Professions Code §§ 17200 et seq. "In order to state a claim for a violation of the [UCL], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." *Levine v. Blue Shield of California,* 189 Cal.App.4th 1117, 1136, 117 Cal.Rptr.3d 262 (2010). The purpose of the UCL "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002). " 'Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent. "In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa." ' " *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).

" '[A] fraudulent business practice is one that is likely to deceive members of the public.' [Citation.] 'A claim based upon the fraudulent business practice prong of the UCL is "distinct from common law fraud. 'A [common law] fraudulent deception must be actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages. None of these

8

elements are required to state a claim for . . . relief' under the UCL. [Citations.] This distinction reflects the UCL's focus on the defendant's conduct, rather than the plaintiff's damages, in service of the statute's larger purpose of protecting the general public against unscrupulous business practices." ' [Citation.] A fraudulent business practice ' " 'may be accurate on some level, but will nonetheless tend to mislead or deceive . . . . A perfectly true statement couched in such a manner that is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under' " the UCL.' [Citation.]" *Boschma v. Home Loan Center, Inc.,* 198 Cal.App.4th 230, 252-53, 129 Cal.Rptr.3d 874 (2011). Having reviewed the complaint, the Court finds Plaintiffs have failed to allege facts sufficient to plead a violation of the UCL's fraudulent prong.

As to the UCL cause of action asserted against all defendants, Plaintiffs merely provide a conclusory recital of the defendants' alleged misconduct, which Plaintiffs contend constituted fraudulent business practices. This misconduct includes, among other things, "[i]nstituting improper or premature foreclosure proceedings to generate unwarranted fees;" "[e]xecuting and recording documents without the legal authority to do so;" "[d]emanding and accepting payments for debts that were non-existent;" "[a]cting beneficiaries and trustees without the legal authority to do so;" and "[m]isrepresenting the foreclosure status of properties to borrowers." Problematically for Plaintiffs, no facts have been alleged to demonstrate how any of this misconduct was perpetrated. Accordingly, dismissal of the section 17200 claim shall be granted in favor of MERS.

***E. Plaintiffs' cause of action for violation of Cal. Civ. Code, § 2923.6*** – Plaintiffs further assert a cause of action for violation of California Civil Code § 2923.6. Section 2923.6 provides in pertinent part: "(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreement is owed to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any particular party in the loan pool or investor under a pooling and servicing agreement, and that a servicer acts in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or

9

implements a loan modification or workout plan for which both of the following apply: [¶] (1) The loan is in payment default, or payment default is reasonably foreseeable. [¶] (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis. [¶] (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." Cal. Civ. Code, § 2923.6. Having reviewed the complaint, the Court finds Plaintiffs have failed to state a plausible claim to relief.

As to this cause of action, Plaintiffs allege: "86. Defendants' Pooling and Servicing Agreement ('PSA') contains a duty to maximize net present value to its investors and related parties. [¶] 87. California Civil Code § 2923.6 broadens and extends this PSA duty by requiring servicers to accept loan modifications with borrowers. [¶] 88. Pursuant to California Civil Code § 2923.6(a), a servicer acts in the best interest of all parties if it agrees or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis. [¶] 89. California Civil Code § 2923.6(b) now provides that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." Problematically for Plaintiffs, section 2923.6 expresses no affirmative duty on the part of a lender or loan servicer to modify a residential loan. *See Mabry v. Superior Court,* 185 Cal.App.4th 208, 222, fn. 9, 110 Cal.Rptr.3d 201 (2010) ("[S]ection 2923.6 . . . does *not* operate substantively. Section 2923.6 merely expresses the *hope* that lenders will offer loan modifications on certain terms;" "[t]he statute conspicuously does not require lenders to take any action"). The duty of a servicer under section 2923.6 is owed only to members of a loan pool. Plaintiffs, however, are borrowers, not loan pool members, and – perhaps more importantly – MERS is not even alleged to have been a lender or loan servicer. Accordingly, dismissal of the cause of action for violation of section 2923.6 shall be granted as to MERS.

***F. Plaintiffs' causes of action for violation of the Rosenthal Fair Debt Collections Practices Act*** – Plaintiff further assert a cause of action for violation of the California Rosenthal Fair Debt Collections Practices Act (RFDCPA). The RFDCPA provides, "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: [¶] (a) Using obscene or profane language; [¶] (b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents; [¶] (c) Causing expense to any person for long distance telephone calls, telegram fees or charges for other similar communications, by misrepresenting to such person the purpose of such telephone call, telegram or similar communication; [¶] (d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or [¶] (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances." Cal. Civ. Code, § 1788.11. The RFDCPA further prohibits "[c]ommunicating with the debtor's employer regarding the debtor's consumer debt unless such a communication is necessary to the collection of the debt," Cal. Civ. Code, § 1788.12(e), and "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector . . . ." Cal. Civ. Code, § 1788.14(b). Having reviewed the complaint, the Court finds Plaintiffs have failed to allege facts sufficient to state a plausible claim.

First, as to this cause of action, Plaintiffs have failed to identify the sections of the RFDCPA allegedly violated by the defendants. Thus, Plaintiffs fail to satisfy the pleading requirements of Rule 8(a). Second, Plaintiffs merely allege: "118. The representative of [Suntrust] made false misrepresentations in connection with the debt secured by the deed of trust on Plaintiff's house. Specifically, SMI represented that if the modification offer was accepted, any foreclosure of Plaintiff's property would be postponed. This representation was false and fraudulent, [Suntrust] foreclosed on Plaintiff's property anyway without notice. [¶ 119. Additionally, after Plaintiff's debt was extinguished by the foreclosure sale of his property, [Suntrust] continued to demand and

accepted payment from Plaintiff on a nonexistent debt." Notwithstanding the fact that MERS is not alleged to have made any misrepresentations to Plaintiffs, foreclosure of a deed of trust does not implicate the protections of the RFDCPA. *Jensen v. Quality Loan Service Corp.,* 702 F.Supp.2d 1183, 1200 (E.D.Cal. 2010). Furthermore, the RFDCPA only applies to a "debt collector," who is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code, § 1788.2(c). Plaintiffs have not alleged MERS is a debt collector within the meaning of the statute.

Plaintiffs further assert a cause of action for violation of the section of the RFDCPA incorporating certain provisions of the federal Fair Debt Collections Practices Act. This section of the RFDCPA provides in pertinent part: "[E]very debt collector or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code, § 1788.17. As to this cause of action, Plaintiffs allege in conclusory fashion that the defendants violated section 1788.17 by "engaging in conduct . . . to harass, oppress, and abuse persons in connection with the collection of the alleged debt, a violations [sic] of 15 U.S.C. § 1692(d);" "misrepresenting the status of the debt, a violations [sic] of 15 U.S.C. § 1692(e)(s)(A);" "using unfair or unconscionable means to collect or attempt to collect a debt, a violation 15 [sic] U.S.C. § 1692(f);" and "using deceptive means to collect or attempt to collect a debt from the Plaintiff, a violation of 15 U.S.C. § 1692e(10)." However, Plaintiffs allege no facts in the complaint to demonstrate how these violations were committed by MERS. Accordingly, dismissal of the RFDCPA claim shall be granted as to MERS.

***G. Plaintiffs' cause of action for violation of California Civil Code § 1572*** – Plaintiffs further assert a cause of action for violation of California Civil Code § 1572. Section 1572 provides in pertinent part: "Actual fraud . . . consists of any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: [¶] 1. The suggestion, as a fact, of that which is not true, by one who does not

12

believe it to be true; [¶] 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; [¶] 3. The suppression of that which is true, by one having knowledge or belief of the fact; [¶] 4. A promise made without any intention of performing it; or, [¶] 5. Any other act fitted to deceive." Cal. Civ. Code, § 1572. Plaintiffs' section 1572 claim is essentially duplicative of their common law fraud cause of action and is predicated on the same allegations. As the Court concluded in its analysis of the fraud claim above, Plaintiffs have failed to allege facts sufficient to state a claim for fraud. Consistent with that analysis, dismissal of the cause of action for violation of section 1572 shall be granted as to MERS.

***H. Plaintiffs' cause of action for wrongful foreclosure*** – Plaintiffs further assert a cause of action for wrongful foreclosure against all defendants. Having reviewed the complaint, the Court finds Plaintiffs have failed to allege facts sufficient to state a plausible claim to relief.

Plaintiffs first allege that after the origination and funding of their loan, the loan was sold or transferred to investors or other entities. Plaintiffs further allege Suntrust did not own the promissory note at the time of the foreclosure sale, and that Nationstar was not lawfully appointed as trustee by Suntrust. Plaintiffs further allege that none of the defendants was ever a note holder or beneficiary with regard to their loan. From this, Plaintiffs allege defendants did not have the right to declare default, cause notices of default to be issued or recorded or conduct a foreclosure sale. But contrary to Plaintiffs' allegations, "[i]t is well established that there is no requirement under California law that the party initiating foreclosure be in possession of the original note." *Clark. v. Countrywide Home Loans, Inc.,* 732 F.Supp.2d 1038, 1043 (E.D.Cal. 2010). Thus, the allegation none of the defendants possessed the note is not a basis for a wrongful foreclosure claim.

Plaintiffs further allege they had an oral agreement with Suntrust to postpone the foreclosure sale of the subject property, which Suntrust breached. Plaintiffs further allege the sale should be set aside because the defendants did not comply with the statutory framework governing nonjudicial foreclosures. In particular, Plaintiffs allege defendants failed to provide proper notice of

13

postponement in violation of California Civil Code § 2924g(c)(1)(C), which provides, "There may be a postponement . . . of the sale proceedings . . . at any time prior to the completion of the sale for any period of time not to exceed a total of 365 days from the date set forth in the notice of sale. The trustee shall postpone the sale in accordance with any of the following: [¶] . . . [¶] (c) By mutual agreement, whether oral or in writing, of any trustor and any beneficiary or any mortgagor and any mortgagee." Cal. Civ. Code, § 2924g, subd. (c)(1)(C). Problematically for Plaintiffs, insufficient facts have been alleged to demonstrate the existence of an agreement between themselves and the defendants to postpone the sale. Even if such facts had been alleged, a borrower may not rely on a lender's alleged oral promise to postpone a foreclosure sale as a basis for setting aside the sale. *Nguyen v. Calhoun,* 105 Cal.App.4th 428, 444-45, 129 Cal.Rptr.2d 436 (2003).

Plaintiffs further allege the defendants violated California Civil Code § 2923.5 in that "[n]one of the Defendants assessed Plaintiff's financial situation correctly or in good faith prior to filing either of the Notices of Default against the Subject Property in this action. Accordingly, the Defendants did not fulfill their legal obligation to Plaintiff prior to filing of the Notices of Default and, therefore, any acts based on the Notice of Default taken thereafter were invalid and void." Section 2923.5 provides, "A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." Cal. Civ. Code, § 2923.5, subd. (a)(1). Paragraph (2) provides, "A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id.,* § 2923.5, subd. (a)(2). Subdivision (g) provides, "A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact a borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." *Id.*, § 2923.5 subd. (g). The statute merely "contemplates contact and some analysis of the borrower's financial situation."

*Davenport v. Litton Loan Servicing, LP,* 725 F.Supp.2d 862, 877 (N.D.Cal. 2010). It does not require the lender to assess the borrower's financial situation "correctly or in good faith," as alleged. Here, the complaint shows Plaintiffs and at least one defendant – Suntrust – discussed the possibility of a loan modification. This "negate[s] a claim that section 2923.5 was violated." *See id.*

Plaintiffs further allege, "[A]s a result of [Suntrust's] violation of the Security First Rule, [Suntrust] no longer had a security interest in the Subject Property at the time of foreclosure. Accordingly, Defendants were prohibited from invoking the power of sale provision in the [first deed of trust] as the Subject Property no longer secured the debt allegedly owed to [Suntrust]." Plaintiffs allege no facts to suggest how the security-first rule was violated in this case. Accordingly, dismissal of the cause of action for wrongful foreclosure shall be granted as to MERS.

***Plaintiffs' causes of action for declaratory and injunctive*** – Lastly, Plaintiffs assert causes of action for declaratory and injunctive relief. Plaintiffs request "an Order, requiring Defendant to have a loan reflecting only the Plaintiff to coincide with the Deed in Plaintiff's name." Plaintiffs further request an injunction "preventing Defendants and/or their/its agents, employees, officers, attorneys, and representatives in the future from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction thereof." These causes of action are requests for relief predicated on the viability of Plaintiffs' substantive causes of action. Because the Court will dismiss the substantive causes of action, the causes of action for declaratory and injunctive relief shall also be dismissed.

# V. DISPOSITION

Based on the foregoing, the motion of defendant Mortgage Electronic Registration Systems, Inc., to dismiss the complaint as against it is GRANTED. Ordinarily, the Court would be inclined to provide Plaintiffs with an opportunity to amend. However, in light of the fact that the action has already been dismissed with prejudice as to three of the four named defendants, and given Plaintiffs' failure to file substantive oppositions to the motions to dismiss, amend the complaint in accordance with the Court's previous orders or show cause why no amended complaint has been filed, the Court believes amendment would be futile. Accordingly, leave to amend shall be DENIED.

IT IS SO ORDERED.

Dated: June 7, 2012

CHIEF UNITED STATES DISTRICT JUDGE